**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ROHAN DHRUVA**, *et al.*, for themselves and all others similarly situated, | * | |
| Plaintiffs, | * | Civil Action No. 1:23-cv-02265-SAG |
| v. | * | |
| **CURIOSITYSTREAM INC.**, | * | |
| Defendant. | * | |

**CORRECTED[1] MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO APPOINT BURSOR & FISHER, P.A. AS INTERIM CLASS COUNSEL**

[1] A redlined copy of the Memorandum in Support of Plaintiffs' Motion to Appoint Counsel is attached hereto as Exhibit 1.

# I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 23(g) Plaintiffs Rohan Dhruva and Joshua Stern ("Plaintiffs") respectfully move the Court for an order appointing L. Timothy Fisher, Neal J. Deckant, and Stefan Bogdanovich of Bursor & Fisher, P.A. ("B&F") as Interim Class Counsel ("Proposed Interim Class Counsel"). Proposed Interim Class Counsel are highly experienced class action attorneys with a proven track record of success on behalf of consumers in privacy cases – they represent a focused team with the knowledge, resources, and commitment required to effectively and efficiently prosecute this case.

Proposed Interim Class Counsel is aware of at least two other law firms soliciting potential clients against CuriosityStream Inc. ("CuriosityStream") for the same violations of the Video Privacy Protection Act ("VPPA") at issue in this case. *See* Bogdanovich Decl., Figs. A-G, Ex. A. On October 17, 2023, shortly after CuriosityStream filed a motion to compel arbitration in this action, Proposed Interim Class Counsel began seeing advertisements by the firm Carella Byrne Cecchi Brody Agnello, P.C., soliciting clients for mass arbitration claims against CuriosityStream for violations of the VPPA. Bogdanovich Decl., ¶ 2 and Ex. A. On November 21, 2023, less than a week after this Court denied Defendant's motion to compel arbitration in this action, Proposed Interim Class Counsel began seeing advertisements by the firm Peiffer Wolf Carr Kane Conway & Wise, also soliciting clients against CuriosityStream for violations of the VPPA. Bogdanovich Decl., ¶ 7, Fig. G.

Appointment of interim class counsel is warranted to protect the interests of the putative class and to ensure the action proceeds efficiently as a class action. Having already defeated a motion to compel arbitration and dismiss, Plaintiffs, through Proposed Interim Class Counsel, are in a position to adjudicate the issues in this case far more efficiently through the class action mechanism, which will prevent the duplication of proceedings, leverage superior relief for the

proposed Class Members, and help prevent inconsistent judgments or collusive settlements.[2] Appointing B&F Interim Class Counsel will ensure the potential Class Members will benefit from these advantages.

Proposed Interim Class Counsel comprises a strong and highly experienced litigation team with decades of class action experience to effectively lead this litigation on behalf of the putative Class. As District Judge Analisa Torres recently noted appointing B&F as interim class counsel in another VPPA class action, along with two other firms, B&F has "substantial experience handling complex consumer litigation, class action litigation, data privacy actions, and VPPA actions in federal courts across the country." *Roby v. Insider, Inc.*, 1:22-cv-06834, ECF No. 25 (S.D.N.Y. Nov. 8, 2023). In fact, B&F has secured more class settlements for VPPA claims than any other firm. *Ambrose v. Boston Globe Media Partners LLC*, 1:22-cv-10195 (D. Mass); *Jackson v. Fandango Media, LLC*, 2023LA000631 (18th Cir. DuPage Cty., Ill.); *Young v. Military Advantage, Inc.*, 2023LA000535 (18th Cir. DuPage Cty., Ill.).

Proposed Interim Class Counsel has been repeatedly appointed to leadership positions in consumer privacy cases, as well as other large class actions and multidistrict proceedings. *See, e.g., Insider*, *supra*, *Doe v. GoodRx*, No. 23-CV-00501, 2023 WL 4384446, at *2 (N.D. Cal. July 7, 2023) (representing a nationwide class of consumers who had their medical information disclosed to third-parties via various internet tracking technologies); *In re: Apple Data Privacy Litigation*, No. 5:22-cv-07069 (N.D. Cal. July 5, 2023) (representing a nationwide class of

---

[2] The threat of "collusive conduct" is particularly acute where, as here, one firm is publicly litigating the case in American courts, while another may be pursuing parallel mass arbitrations in the shadows, and without any oversight from either the judiciary or the public. *See Sharp Farms v. Speaks*, 917 F.3d 276, 292 (4th Cir. 2019) (cautioning that class settlement agreements negotiated outside of the courts are particularly susceptible to "inadequate representation" because they lack "assistance of judges and mediators in the bargaining process") (Quoting *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223, 234–35 (2d Cir. 2016)).

consumers who turned off permissions for data tracking and whose mobile app activity was still tracked on iPhone mobile devices).

Bursor & Fisher also negotiated and obtained court-approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes ever certified, respectively). *See* Fisher Decl. Ex. B. These settlements required Verizon and Sprint to open their wireless networks to third-party devices and applications. *Id*. Moreover, in *Hendricks v. StarKist Co.*, Bursor & Fisher crafted a settlement that resulted in the submission of over 2.4 million claims from class members, the largest number of claims ever submitted in the history of Rule 23 class actions. *Id.* Bursor & Fisher has also proven that it can—and will—take cases to trial if necessary, having won multi-million dollar verdicts or recoveries in six of six civil jury trials in consumer class actions since 2008. *Id.* at ¶ 5. For example, while serving as lead trial counsel in *Thomas v. Global Vision Products, Inc.*, Bursor & Fisher obtained a $50 million jury verdict in favor of the plaintiff and class on a California Consumers Legal Remedies Act claim. *Id.* In another example, *Ayyad v. Sprint Spectrum, L.P.*, Bursor & Fisher obtained a $299 million trial verdict for a class of Sprint customers on a claim for unjust enrichment. *Id.* And in *McMillion v. Rash Curtis & Associates*, Bursor & Fisher won a class action jury trial for claims under the Telephone Consumer Protection Act and secured a $267 million judgment. *Id.*

In sum, given the likely complexity of the issues in this case, the interim class appointment proposed by Moving Plaintiffs strikes the proper balance to ensure strong representation while avoiding duplication of effort. Regular time and expense reporting, a strict timekeeping protocol, and detailed instructions for specific assignments, will result in a streamlined and focused litigation.

## ARGUMENT

"Under Federal Rule of Civil Procedure 23(g)(3), a court 'may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *In re Gerber Prod. Co. Heavy Metals Baby Food Litig.,* 2022 WL 1494378, at *2 (E.D. Va. May 10, 2022) (quoting Fed. R. Civ. P. 23(g)(2)(A)). "Designation of interim counsel is particularly necessary when there may be rivalry or uncertainty between counsel as to who should be appointed lead counsel." *Pam Kagan Mktg. Inc. v. Navisite, Inc*., No. CV WDQ-07-3094, 2008 WL 11509445, at *4 (D. Md. May 21, 2008) (citing Rule 23 Advisory Committee Notes, 1998 Amendments); *accord* Charles A. Wright et al., Federal Practice & Procedure § 1802.3 (3d. elec. 2014). "[T]he Court looks to factors set out in Rule 23(g)(1) to determine the adequacy of counsel under Rule 23(g)." *In re Gerber Prod.,* 2022 WL 1494378, at *2 (citation omitted). These factors are: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). Each of these considerations supports the appointment of B&F as interim class counsel.

### II. PROPOSED INTERIM CLASS COUNSEL SATISFY ALL FACTORS AND SHOULD BE APPOINTED INTERIM CLASS COUNSEL

#### A. Proposed Interim Class Counsel Have Done Substantial And Original Work Investigating This Controversy and Zealously Advocating For The Interests Of The Proposed Class

Among other tasks, Proposed Interim Class Counsel have performed the following work thus far:

a) Investigated the functionality of the Facebook Tracking Pixel;

b) Confirmed Defendant's use of the Facebook Tracking Pixel and other code on its website curiositystream.com;

c) Investigated Plaintiffs' video-watching behavior on curiositystream.com, and Facebook's record of those personal details obtained through the Facebook Tracking Pixel and other code;

d) Investigated legal claims arising from Defendant's use of the Facebook Tracking Pixel and other code;

e) Researched Defendant's corporate structure;

f) Investigated CuriosityStream's marketing, privacy disclosures, and methods of attaining assent to its Terms of Use;

g) Evaluated CuriosityStream's likely defenses based on extensive factual and legal research;

h) Investigated the nature of the challenged conduct at issue here by interviewing dozens of potential clients;

i) Investigated the adequacy of the named Plaintiff to represent the putative class;

j) Drafted and filed the Complaint in this action; and

k) Researched and drafted an opposition to CuriosityStream's motion to dismiss and to compel arbitration in this action.

Proposed Interim Class Counsel have conducted all the work necessary to prosecute this litigation thus far, and they stand ready, willing, and able to continue to devote the substantial effort and resources (including the advancement of costs) necessary for advancing the claims of Plaintiffs and the proposed class. Fisher Decl. ¶¶ 9-10. Proposed Interim Class Counsel's independent investigative efforts and collaborative approach strives for the high standard of professionalism, dedication, and thoroughness that courts require and expect of class counsel.

### B. Proposed Interim Class Counsel Are Highly Experienced In Handling Class Actions And Other Complex Litigation

The second factor the Court must consider is "counsel's experience in handling class actions, other complex litigation and the types of claims asserted in the action." Fed. R. Civ. P. 23(g)(1)(A)(ii). Proposed Interim Class Counsel have substantial experience handling VPPA

and data privacy class actions, as well as other complex litigation.[3] *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").

Bursor & Fisher has won many contested class certification motions, including a motion to certify a nationwide class of purchasers of Hyland's cold and flu products, Capatriti 100% Pure Olive Oil, and a motion to certify New York and California classes of purchasers of Scotts Turf Builder EZ Seed. *See Forcellati v. Hyland's, Inc.*, 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014); *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. Feb. 25, 2014); *In re Scotts EZ Seed Litig.*, No. 12-cv-4727 (VB) (S.D.N.Y. Jan. 26, 2015). *See generally* Fisher Decl. Ex. B (Bursor & Fisher Firm Resume).

Perhaps most importantly, Bursor & Fisher has substantial experience handling data security and data privacy cases. As noted, it has achieved more multi-million-dollar class settlements in VPPA cases than any other firm. Similarly, Bursor & Fisher was lead counsel in *Edwards v. Hearst Communications*, *Inc.*, 1:15-cv-09279 (S.D.N.Y), a case brought pursuant to Michigan's state analog of the VPPA. Bursor & Fisher succeeded in *Hearst*, which ultimately led to one of the largest-ever class action settlements in a data privacy case. Specifically, Bursor & Fisher defeated a motion to dismiss premised on issues of first impression such as Article III standing in light of the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), retroactive application of an amendment to Michigan's statute, and a First Amendment challenge to Michigan's statute. *Boelter v. Hearst Commcn's, Inc.*, 192 F. Supp. 3d 427 (S.D.N.Y. 2016). From there, Bursor & Fisher took extensive discovery from the defendant and numerous third

[3] The background and experience of Proposed Interim Class Counsel is set forth more fully in the firm resume of B&F and the concurrently filed Declaration of L. Timothy Fisher.

parties and upon that factual record won a motion for partial summary judgment for the named plaintiff, while also defeating defendant's motion for summary judgment in all material respects. *Boelter v. Hearst Commcn's, Inc.*, 269 F. Supp. 3d 172 (S.D.N.Y. 2017). That success, as well as the evidence uncovered in discovery pertaining to class certification, resulted in a settlement, which the Court approved, that created a $50 million non-reversionary settlement fund. *Edwards v. Hearst Communications*, *Inc.*, 1:15-cv-09279-AT-JLC, ECF No. 314 (S.D.N.Y. Apr. 24, 2019) (Final Judgment and Order of Dismissal with Prejudice).

Additionally, in a robo-call privacy case, Bursor & Fisher won a trial verdict, resulting in a class judgment of $267 million. *Perez v. Rash Curtis & Associates*, 2020 WL 1904533, at *21 (N.D. Cal. Apr. 17, 2020) ("*Rash Curtis*"). District Judge Yvonne Gonzalez Rogers, in upholding the $267 million award, noted "the general quality of the representation and the complexity and novelty of the issues" and that "[t]he benefit obtained for the class is an extraordinary result." In another case involving Illinois's Biometric Information Privacy Act, Bursor & Fisher helped secure a $100 million class settlement on behalf of Illinois residents appearing on the Google Photos platform. *See Rivera v. Google LLC*, No. 2019-CH-00990 (Cir. Ct. Cook Cnty. Sep. 28, 2022).

The attorneys of Bursor & Fisher have been appointed lead or co-lead class counsel to some of the largest classes ever certified. *See* Fisher Decl. Ex. B (Bursor & Fisher Firm Resume) at 1. In *Hendricks v. StarKist Co*., Bursor & Fisher crafted a settlement that resulted in the submission of over 2.4 million claims from class members, the largest number of claims ever submitted in the history of Rule 23 class actions. *See* Fisher Decl. ¶ 3. The firm also negotiated and obtained court approval for two landmark settlements in *Nguyen v. Verizon Wireless* and *Zill v. Sprint Spectrum* (the largest and second largest classes ever certified, respectively). *See id.* These settlements required Verizon and Sprint to open their wireless networks to third-party

devices and applications. *See id*. Such superlative results are the product of consistency, and Bursor & Fisher attorneys routinely win certification of multi-state and nationwide classes. *See Kaupelis v. Harbor Freight Tools USA, Inc.*, 2020 WL 5901116, at *1 (C.D. Cal. Sept. 23, 2020) (certifying multi-state class of purchasers of defective chainsaws); *Martinelli v. Johnson & Johnson*, 2019 WL 1429653, at *10 (E.D. Cal. Mar. 29, 2019) (certifying multi-state class of purchasers of Benecol spreads); *Hart v. BHH, LLC*, 2017 WL 2912519, at *9 (S.D.N.Y. July 7, 2017) (certifying nationwide and multi-state classes of purchasers pest repellants); *Melgar v. Zicam LLC*, 2016 WL 1267870 at *7 (E.D. Cal. Mar. 31, 2016) (certifying multi-state classes of purchasers of Zicam's homeopathic cold remedies); *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397 (S.D.N.Y. Jan. 26, 2015); *Ebin v. Kangadis Food Inc.*, 297 F.R.D. 561 (S.D.N.Y. 2014); *Forcellati v. Hyland's, Inc.*, 2014 WL 1410264, at *13 (C.D. Cal. Apr. 9, 2014). In total, within the past ten years, Bursor & Fisher lawyers have been court-appointed counsel or interim class counsel in almost 50 class actions. *See* Fisher Decl. Ex. B at 1-3.

Equally important, Bursor & Fisher has proven that it can – and will – take cases to trial if necessary, having won multi-million-dollar verdicts or recoveries in six of six civil jury trials in consumer class actions since 2008. Fisher Decl. ¶ 5. For example, while serving as lead trial counsel in *Thomas v. Global Vision Products, Inc.*, Bursor & Fisher obtained a $50 million jury verdict in favor of the plaintiff and class on a California Consumer Legal Remedies Act claim. *Id*. Also, in *Ayyad v. Sprint Spectrum, L.P.*, Bursor & Fisher obtained a $299 million trial verdict for a class of Sprint customers on a claim for unjust enrichment. *Id*.

### C. Proposed Interim Class Counsel Have Substantial Knowledge Of The Applicable Law

As set for above, Proposed Interim Class Counsel have a long track record of successfully litigating large-scale data privacy cases, including cases brought under the VPPA and its state-law analogues. *See* supra pp. 1-3. What is more, Bursor & Fisher has associated

itself with experienced local counsel, who is familiar with this Court's rules and procedures. Moreover, Proposed Interim Class Counsel are presently litigating and have won substantive decisions in many other Video Privacy Protection Act cases. *See e.g.*, *Louth v. NFL Enterprises LLC*, 2022 WL 4130866 (D.R.I. Sept. 12, 2022); *Lebakken v. WebMD, LLC*, 640 F. Supp. 3d 1335 (N.D. Ga. 2022); *Goldstein v. Fandango Media, LLC*, 2023 WL 3025111 (S.D. Fla. Mar. 7, 2023). This work has provided Proposed Interim Class Counsel with specific experience regarding the statutes and claims at issue here, including prevailing on the merits and how to effectively structure pre-class certification discovery. That experience, along with their substantial track record in this area more generally, will allow them to skillfully litigate this case in the best interests of Plaintiffs and the putative class.

### D. Proposed Interim Class Counsel Are Committed To Representing And Advancing The Interests Of The Class

The final Fed R. Civ. P. 23(g)(1)(C)(i) factor, which concerns the resources counsel will commit to the case, also strongly supports this motion for interim class counsel. Here, the putative class consists of potentially millions of consumers around the country. A litigation of this size "justifies the pooling of resources and experience." *In re Google Inc. Cookie Placement Consumer Privacy Litig.*, 2012 WL 5833604, at *1 (D. Del. Nov. 16, 2012) (citing *In re Exford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y.1998). Proposed Interim Class Counsel, independently and collectively, have the resources and commitment necessary to finance a case of this magnitude. Indeed, in serving in leadership roles in complex, high-profile class actions before, Proposed Interim Counsel understand what is required to undertake a litigation of this magnitude and are committed to marshaling every available resource to achieve a favorable result for the class.

Where the class faces a well-financed adversary represented by reputable and well-funded counsel, like CuriosityStream is here, the class should be afforded representation by

counsel with similar resources. *See In re SSA Bonds Antitrust Litig.*, 2016 U.S. Dist. LEXIS 178048, at *11-12 (S.D.N.Y. Dec. 22, 2016) (noting that the appointed firms had "substantially more resources at their disposal than the other applicant teams"). The team here meets this standard.

Bursor & Fisher is a well-established law firm that has the resources and personnel necessary to pursue a case of this magnitude, as its people have demonstrated in numerous similar class actions. The firm is also geographically diverse, with offices spanning the country, allowing its people to easily work and communicate with all parties. As a result, the firm can fully utilize its resources and knowledge while minimizing attorneys' fees and costs, including for travel to court hearings. Proposed Interim Class Counsel have already demonstrated the will and ability to commit the necessary resources to assure a strong and well-supported case on behalf of members of the proposed class. The firm's resources are not merely financial, but also include substantial expertise and work-product as discussed above, which were developed in other similar cases that will benefit Plaintiffs and the putative class. Proposed Interim Class Counsel's ability to draw from this well-developed repository of information will help streamline the litigation.

Other courts have opined on the resources and commitment of Bursor & Fisher in representing clients in class action cases. For instance, United States District Judge Morrison C. England, Jr. of the Eastern District of California appointed Bursor & Fisher as interim class counsel in *Melgar v. Zicam, LLC*, (E.D. Cal. Oct. 29, 2014). Fisher Decl. Ex. D. Judge England's order noted that Bursor & Fisher "has extensive experience representing plaintiffs in large class actions, both in negotiating settlements and litigating through trial." *Id*. at 3. Judge England further commented that "Bursor & Fisher is a well-established, reputable firm that is up to handling the challenges of this litigation and is capable of committing the requisite resources

to doing so. The Court is confident that Bursor & Fisher will fairly and adequately represent the interests of the class." *Id.* (citation omitted).

## CONCLUSION

For the foregoing reasons, the Court should appoint B&F as interim class counsel.

Dated: November 22, 2023

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: *_/s/ L. Timothy Fisher_*
L. Timothy Fisher

L. Timothy Fisher (*pro hac vice*)
Neal J. Deckant (*pro hac vice*)
Stefan Bogdanovich (*pro hac vice*)
Bursor & Fisher, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
ndeckant@bursor.com
sbogdanovich@bursor.com

William N. Sinclair (Bar No. 28833)
bsinclair@silvermanthompson.com
Silverman Thompson Slutkin & White, LLC
400 E. Pratt St., Suite 900
Baltimore, MD 21202
Telephone: (410) 385-2225
Facsimile: (410) 547-2432

*Attorneys for Plaintiffs*