**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **ROHAN DHRUVA,** *et al*., for themselves and others similarly situated, | * | |
| | * | Civil Action No. 1:23-cv-02265-SAG |
| Plaintiffs. | | |
| v. | * | |
| **CURIOSITYSTREAM INC.**, | * | |
| Defendant. | * | |

**PLAINTIFFS' OPPOSITION TO**
**DEFENDANT'S MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

Defendant CuriosityStream Inc. ("Defendant" or "CuriosityStream") fails to meet the high standard for reconsideration. In its order, the Court held that CuriosityStream failed to meet its burden of establishing that its website "clearly indicates that by clicking the button, the user is agreeing to [its] terms." ECF No. 26, at 4 (citing *Melo v. Zumper, Inc*., 439 F. Supp. 3d 683, 697 (E.D. Va. 2020)). Instead, the "hyperlinked sentence referring to Terms of Use states only, 'By subscribing to Curiosity Stream, <u>you agree that you've read</u> our Terms of Use and Privacy Policy.' Nothing in that sentence expresses an agreement to the Terms of Use or Privacy Policy themselves, simply an agreement that they were read." *Id*. at 4-5 (underlining added).

Simply put, CuriosityStream is rearguing the same points again in this motion. But that is not the standard for reconsideration. CuriosityStream has not demonstrated "an intervening change in controlling law," "additional evidence that was not previously available," or that the "prior decision was based on clear legal error." *Warner v. Cellco P'ship*, 2016 WL 258342, at *1 (D. Md. Jan. 20, 2016) (Gallagher, M.J.).

## II. LEGAL STANDARD

As this Court has repeatedly noted, "a motion to reconsider is not a license to reargue the merits or present new evidence that was previously available to the movant." *Bezek v. First Nat'l Bank of Pennsylvania*, 2023 WL 2571508, at *2 (D. Md. Mar. 20, 2023) (*citing Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018)) (internal quotation marks omitted). "[M]ost courts… will reconsider an interlocutory order only where: '(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice.'" *Warner*, 2016 WL 258342, at *1. CuriosityStream seems to concede these first two prongs are inapplicable; the

law of contract formation is well-settled and "[t]he basic facts underlying the transactions are undisputed." ECF 26 at 1.

Instead, CuriosityStream argues that the Court's order was illogical and a "clear error of law." ECF 32-1 at 1. To show "clear legal error," CuriosityStream must, in general, make the opinion "strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Jarrett v. Home Depot U.S.A., Inc*., 2021 WL 4264821, at *2 (D. Md. Sept. 20, 2021) (citations omitted) (denying motion to reconsider grant of motion to dismiss).

## III. ARGUMENT

### A. The Court Already Considered And Rejected The Same Arguments That CuriosityStream Brings Here

The bulk of CuriosityStream's motion endeavors to reargue the same points as those presented in its Rule 12 motion. That is not a valid basis for reconsideration.

CuriosityStream first argues that the Court never ruled on the parties' arguments. ECF No. 32-1 at 3-4. Of course it did. As this Court noted, "Plaintiffs contest the existence of an agreement to arbitrate by arguing that the actions Plaintiffs took to subscribe to CuriosityStream on its website did not manifest assent to the Terms of Use." ECF No. 26 at 3-4. "[T]he pertinent question is whether a user has reasonable notice that a click will manifest assent to an agreement. Here, because of the wording chosen by CuriosityStream, its users did not." *Id*. at 6 (citing *Melo*, 439 F. Supp. 3d at 697). Notably, the Court found that there was no conflict between the laws of the various states, and as such its holding would apply no matter the state law to be applied. ECF No. 26 at 4 n.2; *see also* ECF No. 24 at 9.

CuriosityStream relatedly complains that Plaintiffs never explicitly alleged the terms *themselves* were ambiguous. ECF No. 32-1. But that misses the point. The relevant question is whether the textual notice near the "Sign up Now" button "clearly indicates that by clicking the

button, the user is agreeing to those terms." ECF No. 26 at 4; *accord Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 857 (9th Cir. 2022). Plaintiffs explicitly argued that CuriosityStream's textual notice was "vague" and discussed varying reasonable interpretations of its chosen language. ECF No. 23 at 6-7.

Even more fundamentally, CuriosityStream's argument flips the applicable burden of proof "on its head." *Jackson v. Amazon.com, Inc.*, 65 F.4th 1093, 1100 (9th Cir. 2023). "It was [defendant]'s burden to show assent, not [Plaintiffs'] to show lack thereof." *Id*. After all, "[t]he burden is on the party seeking arbitration to show notice <u>and assent</u>." *Id*. (emphasis added); *accord Melo*, 439 F. Supp. 3d at 697 ("Zumper must demonstrate the existence of an offer [and] an acceptance."). And here, because CuriosityStream wants to compel arbitration, CuriosityStream needs to prove its users agreed to it. Because it failed to do so, the Court rightly denied its motion.

### B. CuriosityStream Did Not Clearly Explain To Consumers That Their Button Clicks Purportedly Manifested Assent

CuriosityStream's next argument – that it clearly communicated what button Plaintiffs needed to click to manifest their assent to arbitrate – fares no better.

As the Court found: "The hyperlinked sentence referring to Terms of Use states only, 'By subscribing to Curiosity Stream, you agree that you've read our Terms of Use and Privacy Policy.' Nothing in that sentence expresses an agreement to the Terms of Use or Privacy Policy themselves, simply an agreement that they were read." ECF No. 26 at 4-5; *accord Mendoza v. Trans Valley Transp*., 75 Cal. App. 5th 748, 786 (2022) ("Merely agreeing … to 'read, observe and abide by' [a separate document] that 'is designed for quick reference and general information' does not constitute a contract and does not bind the [consumer] to arbitration."). Here, CuriosityStream never addresses this fundamental defect in its motion for reconsideration.

This collapses CuriosityStream's cause because – as its own cited authority says – "a consumers' clicking on a ... button does not communicate assent to contractual terms if the offer did not make clear to the consumer that clicking on the ... button would signify assent to those terms." *Fjeta v. Facebook, Inc*., 841 F. Supp. 2d at 835 (S.D.N.Y. 2012) (quoting *Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 29–30 (2d Cir. 2002)); *accord Berman*, 30 F.4th at 857 ("A user's click of a button can be construed as an unambiguous manifestation of assent only if the user is explicitly advised that the act of clicking will constitute assent to the terms and conditions of an agreement.").

Because CuriosityStream cannot argue that the textual notice on the webpage with the "Sign up Now" button is clear, it instead argues that the terms hiding behind the hyperlink were "unambiguously clear." ECF No. 32-1. But that puts the cart before the horse. If Plaintiffs never manifest assent to the terms, it makes no difference what those terms provide. *Melo*, 439 F. Supp. 3d at 697 ("[T]he crux of the issue surrounds whether Plaintiff[s]… manifested assent to" "the terms of the offer."). And "where a website specifically states that clicking means one thing, that click does not bind users to something else." *Sgouros v. TransUnion Corp.*, 817 F.3d 1029, 1035 (7th Cir. 2016) (citing *Lee v. Intelius Inc*., 737 F.3d 1254 (9th Cir. 2013)). Here, the textual notice near the "Sign up Now" button told Plaintiffs they agreed they "<u>have read</u>" the terms at some point in the past; not that they were agreeing to the terms in the present moment. The terms themselves cannot transform that language. After all, "we cannot presume that a person who clicks on a box that appears on a computer screen has notice of all contents not only of that page but of other content that requires further action (scrolling, following a link, etc.) Indeed, a person using the Internet may not realize that she is agreeing to a contract at all." *Sgouros*, 817 F.3d at 1035.

As anticipated and already discussed, CuriosityStream repeatedly notes that if Plaintiffs remember what they read, they would know that their agreement was inferred by their act of "registering with the sites." *See* ECF No. 32-1 at 5-7. But a reasonably prudent consumer is not expected to have a photographic memory. Indeed, a consumer might read CuriosityStream's terms one day and decide to pull out a credit card and click the "Sign up Now" button on another, with absolutely no recollection – in that moment – of what the terms said when they were read. CuriosityStream provides the Court with no evidence of when exactly those terms were read, or whether any particular consumer remembered what they said the moment he or she clicked the "Sign up Now" button. Indeed, we have no idea whether Plaintiffs read Exhibit A, B, or C of Mr. Silva's declaration, or some other older version of the terms predating August 22, 2019. *See* ECF No. 21-2 at 2, n.2 (Mr. Silva omits from his declaration all prior versions of the terms). "In sum, attributing to [Plaintiffs] knowledge of and assent to [CuriosityStream's] terms of use based on such a thin factual predicate would amount to rank speculation." *Watkins v. Carr*, 2018 WL 10741730, at *4 (D. Md. Jan. 12, 2018).

Yet above all, what "cinches the case … is the fact that … [defendant's] site actively misleads the customer." *Sgouros*, 817 F.3d at 1035. The textual notice near the "Sign up Now" button never alerts consumers to the fact they would be agreeing to the terms themselves, simply an agreement that they were read. "No reasonable person would think that hidden within that disclosure was also the message that the same click constituted acceptance of the" terms. *Sgouros*, 817 F.3d at 1035. Indeed, "consumers cannot be expected to ferret out hyperlinks to terms and conditions to which they have *no reason to suspect they will be bound*." *Amazon.com*, 65 F.4th at 1100 (quoting *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1179 (9th Cir. 2014)) (emphasis added).

For its part, CuriosityStream fails to cite a single case where a similar notice was found to bind a consumer. Indeed, this Court devoted over a page explaining to CuriosityStream that the cases it cites "are all distinguishable in that they make the connection between clicking a button and agreeing to terms much more express than in this case." ECF No. 26 at 5-6. Yet CuriosityStream cites even more inapposite cases in its motion for reconsideration. For example, in *Fjeta v. Facebook, Inc.*, "immediately below [Sign Up] button" was text that said "'By clicking Sign Up, you are indicating that you have read <u>and agree to</u> the Terms of Service.'" 841 F. Supp. 2d at 835 (emphasis added). In *Meyer v. Uber Technologies, Inc.*, there was text below the "REGISTER" button that said: "By creating an Uber account, you agree to the TERMS OF SERVICE & PRIVACY POLICY." 868 F.3d 66, 81-82 (2d Cir. 2017) (Addendums A and B). In *Hubbert v. Dell Corporation*, consumers purchasing computers from Dell's website were explicitly advised on each of the final three forms that "[a]ll sales are subject to Dell's Term[s] and Conditions of Sale." 835 N.E.2d 113, 118 (Ill. 2005) (applying Texas law). And in *Alminiana v. Lowe's Home Centers LLC*, the plaintiffs "accepted the offer by electronically signing an online decision form" telling them their electronic signatures "were 'the legal equivalent of having placed [their] handwritten signature[s] on the Offer Letter[s].'" 2020 WL 3491837, at *1, *4 (W.D.N.C. June 9, 2020).

CuriosityStream emphasizes in its motion that the decision form in *Lowe's Home* also told users they acknowledge they "'**read the terms and conditions** set forth in the Offer Letter.'" ECF No. 32-1 (bolding added by defendant). But again, in *Lowe's Home*, employees manifested their assent to the Offer Letter by placing the electronic signature on an online form that explicitly advised them this action was "'the legal equivalent of having placed [their] handwritten signature[s] on the Offer Letter[s].'" 2020 WL 3491837, at *4. Whatever else the

acknowledgment form *also* says is beside the point. *Lowe's Home* could have helped CuriosityStream's cause *had* the textual notice in this case said "by clicking the 'Sign up Now,' you agree to our Terms of Use and you agree you've read them." But the notice here does not contain that language.[1]

Finally, contrary to CuriosityStream's assertions, its terms are far from "unambiguously clear." Take for example the following run-on sentence taken from the 21-page version of the terms currently on display on its site: "Your affirmative act of using and/or registering with the sites and if you are a user based in Germany, accepting the terms of use signifies that you agree to these terms of use." *See* Silva Decl., Ex. C, ECF No. 21-5 at 2. It is unclear whether this means (1) all users must affirmatively accept the terms separately or (2) whether only Germans must affirmatively accept the terms separately. It is also unclear (3) what the phrase "accepting the terms of use" means if it means something other than the "affirmative act of using and/or registering with the sites." And while CuriosityStream argues that the word "registration" is synonymous with "subscription," it is not synonymous with clicking the "Sign up Now" button, which, as this Court noted, "contributes additional ambiguity to the calculus of whether a customer would recognize that clicking the button constitutes the 'subscribing' required to indicate agreement." ECF No. 26 at 5; *accord Sellers v. JustAnswer LLC*, 73 Cal. App. 5th 444, 481 (2021) ("[W]e note that even minor differences in one or more of the criteria may be sufficient to render a textual notice insufficient.").

[1] And if CuriosityStream believed any of these cases move the needle in favor of its position, it should have brought them up in its initial motion.

## IV. CONCLUSION

For the foregoing reasons, CuriosityStream fails to meet its burden of showing the Court committed a clear legal error. The Court was correct the first time. Regardless, CuriosityStream falls far short of meeting the high bar for reconsideration.

Dated: December 6, 2023

By: *[/s/ Stefan Bogdanovich]*
Stefan Bogdanovich

L. Timothy Fisher (*pro hac vice*)
Neal J. Deckant (*pro hac vice*)
Stefan Bogdanovich (*pro hac vice*)
Bursor & Fisher, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
ndeckant@bursor.com
sbogdanovich@bursor.com

William N. Sinclair (Bar No. 28833)
bsinclair@silvermanthompson.com
Silverman Thompson Slutkin & White, LLC
400 E. Pratt St., Suite 900
Baltimore, MD 21202
Telephone: (410) 385-2225
Facsimile: (410) 547-2432

*Attorneys for Plaintiffs*