**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| ROHAN DHRUVA, et al.<br><br>Plaintiffs,<br><br>v.<br><br>CURIOSITYSTREAM INC.,<br><br>Defendant. | No. 1:23-cv-02265-SAG |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT BURSOR & FISHER, P.A. AS INTERIM CLASS COUNSEL**

Defendant CuriosityStream Inc. ("Defendant" or "CuriosityStream") respectfully opposes Plaintiffs' extraordinary request to appoint Bursor & Fisher, P.A. as interim class counsel – when there are admittedly no other competing cases against CuriosityStream. Simply put, the relief requested by Plaintiffs is unnecessary under the present circumstances, and the Motion (ECF 28) should be denied.

Rule 23(g)(3) provides that the "court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). However, the Advisory Committee admonishes that interim class counsel should be appointed only "**if necessary** to protect the interests of the putative class." Fed. R. Civ. P. 23, advisory committee note of 2003 (emphasis added). "Simply stated, appointment of counsel before certification of the class is ordinarily unnecessary." *Wolf v. W. L. Gore & Assocs., Inc.*, No. CV RDB-23-280, 2023 WL 5627326, at *1 (D. Md. Aug. 31, 2023) (internal quotation omitted).

One of the conditions for a finding of necessity – entirely absent here – is that "there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of

those suits may be consolidated." *See Parrish v. Nat'l Football League Players, Inc.*, No. C 07-00943 WHA, 2007 WL 1624601, at *9 (N.D. Cal. June 4, 2007) (declining to designate interim class counsel without a "gaggle of law firms jockeying to be appointed") (quoting Manual for Complex Litigation Fourth § 21.11 (2004)); *Gibson v. MGM Resorts Int'l*, No. 2:23-CV-00140-MMD-DJA, 2023 WL 4455726, at *2 (D. Nev. July 11, 2023) (refusing to appoint interim class counsel "because it is not necessary to protect the interests of the putative class. There are no competing lawsuits or firms which create the need for the Court to clarify the responsibility for protecting the interests of the class.").

Indeed, while Plaintiffs conclusorily assert that "[a]ppointment of interim class counsel is warranted to protect the putative class," Mem. at 1, that "responsibility already lies with Plaintiffs' counsel even absent appointment as interim class counsel." *Gibson*, 2023 WL 4455726, at *2. That is, an "attorney who acts on behalf of the class prior to certification, including the attorney who filed the action, must act in the best interests of the class as a whole, regardless of formal appointment as interim class counsel. Therefore, formal appointment of interim class counsel is not needed to assure the named plaintiffs' current attorney is obligated to act in the best interests of the class as a whole." 5 MOORE'S FEDERAL PRACTICE - CIVIL § 23.121 (2023); Fed. R. Civ. P. 23, advisory committee note of 2003.

Again, that is why courts find that the appointment of interim counsel is only necessary where "there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." Fed R. Civ. P. 23(g), advisory committee note of 2003. *See White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006) ("[T]hose cases in which interim counsel is appointed are typically those in which **a large number of putative class actions have been consolidated or are otherwise pending** before a single court") (emphasis added). An interim appointment

might also be necessary where there are "duplicative and unproductive posturing by the competing attorneys" that are asking to be appointed interim counsel. 5 MOORE'S FEDERAL PRACTICE - CIVIL § 23.121.

In this matter, there is a single case pending before the Court and only one counsel seeking appointment as interim class counsel. In such cases, courts routinely rule it is unnecessary to appoint interim class counsel. *See In re Seagate Tech. LLC Litig*., No. 16-cv-00523-RMW, 2016 WL 3401989, at *3 (N.D. Cal. June 21, 2016) ("Where there are no competing lawsuits or firms, courts in this district have been unwilling to appoint interim class counsel" (collecting cases)); *see also Burns v. Navistar, Inc.*, No. 10CV2295-LAB (BGS), 2011 WL 13071147, at *2 (S.D. Cal. Feb. 24, 2011) (finding "no compelling reason" to appoint interim class counsel despite pendency of a similar action in another district because "[t]here is but one case now before the Court, and there is little confusion that it is the responsibility of [movant's counsel] to protect the interests of the putative class"); *Nutz for Candy v. Ganz, Inc.*, No. C 08-2873 JSW, 2008 WL 4332532, at *2 (N.D. Cal. Sept. 19, 2008) (rejecting motion for appointment of interim counsel where the court had "a single action and a single firm seeking to be appointed interim lead counsel," despite pendency of similar cases in other Districts that had not been consolidated before the court because "at this time the responsibility for protecting the interests of the class in this Court is clear."); *Parrish*, 2007 WL1624601, at *9 (N.D. Cal. Jun. 4, 2007) (appointment unnecessary because "there is a single action and a single law firm who has moved to be appointed," "[t]here are not multiple complaints, nor is there a gaggle of law firms jockeying to be appointed" and "[n]o consolidation with other actions is on the horizon"); *Evans v. ZB, N.A.*, No. 2:17-CV-01123-WBS-DB, 2020 WL 6526245, at *1 (E.D. Cal. Nov. 5, 2020) (denying motion for interim counsel where there was "no rivalry ... among competing law firms to represent the putative class"); *Santos v.*

*Carrington Mortg. Servs., LLC*, No. 215-CV-864 (WHW-CLW), 2017 WL 215969, at *2 (D.N.J. Jan. 18, 2017) (denying motion for interim appointment because there "is no suggestion that the issues raised in the Manual for Complex Litigation are sufficiently implicated here because there is no indication that the potentially competing suits may be consolidated with this action").

Plaintiffs do not attempt to show that appointing interim class counsel is necessary to protect the putative class's interests or that there are any actual competing lawsuits pending *anywhere*, let alone in this District. Instead, the Motion merely mentions in passing two law firms *soliciting* similar claims – one of which implicitly concedes that arbitration is the appropriate forum to pursue these claims. *See* ECF 28-3, Ex. A. Ultimately, the Motion is a misguided and untimely vehicle to describe the putative qualifications of Plaintiffs' counsel, which is irrelevant to the question of why appointment of interim class counsel is *necessary* under these circumstances. Of course, that is because under the actual standards for interim appointment, Plaintiffs clearly do not meet their burden. Simply put, "[t]his is not the type of case that warrants appointment of interim class counsel." *Wolf*, 2023 WL 5627326, at *2.

THEREFORE, the Court should deny Plaintiffs' Motion and "wait to consider the adequacy of representation and appointment of class counsel until such time as [Plaintiffs] move for class certification." *Evans*, 2020 WL 6526245, at *2.

Dated: December 6, 2023

Respectfully submitted,

*/s/ Laurel LaMontagne*

Laurel LaMontagne, Esq. (No. 21180)
ArentFox Schiff LLP
1717 K Street, NW
Washington D.C., 20006
T: 202-857-6325
F: 202-857-6395
laurel.lamontagne@afslaw.com

*Counsel for Defendant CuriosityStream Inc.*