IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ROHAN DHRUVA,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. SAG-23-2265 |
| **CURIOSITYSTREAM INC.,** | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

Plaintiffs Rohan Dhruva and Joshua Stern, for themselves and others similarly situated, filed this class action lawsuit against Defendant CuriosityStream Inc. ("CuriosityStream"), alleging that CuriosityStream violated the federal Video Privacy Protection Act ("VPPA") and California state law by disclosing their personally identifiable information to Facebook. ECF 20. CuriosityStream filed a Motion to Compel Arbitration and Dismiss, arguing that Plaintiffs had agreed to arbitrate this dispute. ECF 21. This Court disagreed and denied CuriosityStream's motion, ECF 26, 27. CuriosityStream then appealed the decision to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit reversed this Court's decision, finding that Dhruva and Stern had entered a valid agreement to arbitrate any disputes resulting from their registration for CuriosityStream's services. ECF 54-1. Accordingly, the Fourth Circuit remanded the case to this Court for "further proceedings consistent with this opinion." *Id.* at 14.

This Court held a teleconference with the parties on November 21, 2025, to discuss next steps. ECF 64-2. In that conference, this Court afforded the parties an opportunity to file written submissions on the issue of whether CuriosityStream had subsequently waived its right to arbitrate this case when it failed to pay arbitration fees in a separate matter raising identical legal theories.

*Id.* This Court has now reviewed both submissions, ECF 67, 68, and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated below, in light of the Fourth Circuit's ruling, the order consolidating this case with *DuCote v. CuriosityStream*, SAG-04-01922, will be vacated and this case will be stayed pending the outcome of arbitration proceedings.

## I.     PROCEDURAL BACKGROUND

Dhruva and Stern filed this putative class action on August 18, 2023, ECF 1, subsequently amending their complaint multiple times. ECF 6, 20. Their Complaint raised claims relating to CuriosityStream's use of tracking technologies, asserting that the use violated the VPPA and California law. ECF 20. Dhruva and Stern sought to represent a class consisting of "similarly situated individuals defined as all persons in the United States who have Facebook and CuriosityStream.com accounts, and viewed videos on CuriosityStream.com," along with two California-specific subclasses. *Id.* ¶¶ 54–56. On October 5, 2023, CuriosityStream filed its motion to compel arbitration, which this Court denied on November 15, 2023. ECF 21, 26, 27. This Court also denied a motion for reconsideration on January 17, 2024, ECF 43, 44, and the above-referenced appeal ensued.

In the interim, on December 27, 2023, 743 individuals, including Travis DuCote and Dipak Ramkumar, notified CuriosityStream of their intent to arbitrate claims relating to the same use of tracking technologies and the VPPA.[1] Following failed attempts to confer, 117 of those individuals (including DuCote and Ramkumar) submitted claims to JAMS, the arbitration provider listed in CuriosityStream's Terms of Use. Twenty-five of those individuals paid the non-refundable filing fees required by JAMS. But when JAMS invoiced CuriosityStream for its share of the filing fees,

---

[1] These facts pertaining to the arbitration attempt are derived from the *DuCote* Complaint, ECF 1 in SAG-24-01922, and Plaintiffs' letter regarding waiver, ECF 67. For the purposes of the waiver analysis only, this Court accepts the asserted facts as true.

CuriosityStream did not respond or make the required payment. Accordingly, on May 21, 2024, JAMS closed the arbitration file, citing "lack of participation on behalf of" CuriosityStream. On July 2, 2024, DuCote and Ramkumar filed a putative class action complaint in this Court. *See DuCote v. CuriosityStream Inc.*, Civ. No. SAG-24-01922, ECF 1. The *DuCote* plaintiffs also seek to represent "a class of similarly situated individuals defined as all persons in the United States who have Facebook and CuriosityStream.com accounts, and viewed videos on CuriosityStream.com." *DuCote*, ECF 1 ¶ 54. The *DuCote* case has been consolidated with this case for disposition. *DuCote*, ECF 16.

## II.     ANALYSIS

The Fourth Circuit's opinion determined that the parties entered into a valid agreement to arbitrate this dispute. ECF 54-1. This Court agrees with Plaintiffs, however, that the Fourth Circuit's mandate does not foreclose this Court from determining whether CuriosityStream subsequently waived its right to arbitration by virtue of its actions in the arbitration attempt involving the *DuCote* plaintiffs. The Fourth Circuit remanded the *Dhruva* case to this Court directing "proceedings consistent with this opinion," ECF 54-1 at 14, not unconditional referral to arbitration. Considering the newly raised waiver argument is entirely consistent with the Fourth Circuit's opinion finding a valid agreement to arbitrate.

That said, this Court is not persuaded by the merits of Plaintiffs' waiver argument. Plaintiffs posit that, in response to the arbitration notice from the 743 individuals and the subsequent filings with JAMS, CuriosityStream acted in a manner "inconsistent with an intent to insist upon its contractual right to arbitration." ECF 67 at 2 (quoting *Cain v. Midland Funding, LLC*, 452 Md. 141, 155 (2017)). CuriosityStream counters by arguing that "arbitration waiver is inherently party—and claim—specific." ECF 68 at 2.

3

This appears to be an issue of first impression. Neither party cites any cases, in the Fourth Circuit, Maryland, or otherwise, holding that waiver of a contractual arbitration provision extends beyond the parties to that particular arbitration.[2] This Court recognizes Plaintiffs' policy argument that companies could engage in gamesmanship and delay by seeking to compel arbitration, costing claimants time and money, only to waive the arbitration by failing to participate and force a return to court. But surely companies intending to engage in such tactics would recognize that courts would likely sanction such shenanigans upon their eventual return for disposition. Any "reward" from the brief delay would be amply outweighed by the reputational consequences with the court assigned to adjudicate the case. And this Court sees potential for a slippery slope in ruling that an arbitration waiver in one case can be automatically applied to all future cases of the same ilk, as there may be particularized factual circumstances that cause a party to forego arbitration in a particular situation without intending a broad-based waiver with respect to all future claimants.

Thus, this Court reverts to Maryland law, which is clear that "whether there has been a waiver of a contractual right involves a matter of intent that ordinarily turns on the factual circumstances of each case." *Charles J. Frank, Inc. v. Associated Jewish Charities of Balt., Inc.*, 294 Md. 443, 449 (1982). CuriosityStream has done nothing in the *Dhruva* case suggesting an intent to waive its arbitration agreement. Accordingly, without deciding any waiver issues specific to the *DuCote* plaintiffs, this Court finds no waiver as to the *Dhruva* plaintiffs, who have not yet pursued arbitration.

---

[2] In fact, as CuriosityStream notes, the Rhode Island case cited by Plaintiffs actually undermines their position, reasoning that "the fact that Amex is arbitrating similar disputes does not bear on whether it is in default for these claims." *5-Star General Store v. Am. Express Co.*, 759 F.Supp. 3d 317, 325 (D.R.I. 2024). In other words, the *5-Star* Court declined to consider Amex's conduct in like arbitration proceedings when considering whether waiver had occurred in the proceeding at issue.

For the reasons stated in the Fourth Circuit's ruling, then, this Court will GRANT CuriosityStream's motion to compel arbitration, ECF 21, and will STAY the *Dhruva* case pending the outcome of arbitration proceedings. Two separate Orders follow: one to effectuate these rulings in *Dhruva,* and a second to vacate the order consolidating *Dhruva* and *DuCote* and to set a schedule for further *DuCote* proceedings.


Dated: December 4, 2025                                   /s/
                                              Stephanie A. Gallagher
                                              United States District Judge